United States District Court
Northern District of California

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMISH CAMPBELL,<br>Plaintiff,<br>v.<br>CITY OF ANTIOCH, et al.,<br>Defendants. | Case No. 26-cv-08092-JST<br><br>**ORDER OF DISMISSAL** |

Plaintiff has filed this *pro se* civil rights complaint. For the reasons set forth below, the Court DISMISSES this action without prejudice.

On or about June 5, 2026, Plaintiff commenced this action by filing a *pro se* civil rights complaint in the Eastern District of California. ECF No. 1.

On June 22, 2026, the Eastern District informed Plaintiff that this action was deficient because he did not pay the filing fee or, in the alternative, file an application to proceed *in forma pauperis*. ECF No. 3. The Eastern District ordered Plaintiff to cure the deficiency by July 22, 2026, or face dismissal of this action. *Id.*

On June 24, 2026, Plaintiff filed a notice of change of address, indicating that mail should no longer be sent to him at the Sacramento County Jail, but at an outside address. ECF No. 7.

On June 29, 2026, Plaintiff filed an *in forma pauperis* application. ECF No. 8.

On July 10, 2026, court mail sent to Plaintiff was returned as undeliverable.

//

//

//

//

United States District Court
Northern District of California

On July 27, 2026, the Eastern District of California transferred this action to this district. ECF No. 10.

On August 31, 2026, the Court informed Plaintiff that his *in forma pauperis* application was deficient because it lacked the required copy of his prisoner trust account statement showing transactions for the last six months and the Certificate of Funds in Prisoner's Account form completed and signed by an authorized officer at Plaintiff's correctional facility. ECF. No. 12. The Court ordered Plaintiff to submit a complete *in forma pauperis* application by September 28, 2026, and informed Plaintiff that failure to comply with this deadline would result in this action being dismissed without prejudice. *Id*. This deficiency notice was sent both to the address provided by Plaintiff in his June 24, 2026 notice and to the Sacramento County Jail.

On September 23, 2026, the Court's August 31, 2026 deficiency notice sent to Plaintiff's non-jail address was returned to the Court as undeliverable, with the notation that the notice was not deliverable as addressed. ECF No. 13.

The deadline to file a complete *in forma pauperis* application has passed, and Plaintiff has not filed a complete *in forma pauperis* application or communicated with the Court. The Court was unable to reach Plaintiff at his address of record and Sacramento Jail records indicate that Plaintiff was released from custody on September 1, 2026 and no longer housed there. *See* https://www.sacsheriff.com/inmateinformation/ (last visited Oct. 5, 2026).

Accordingly, this action is DISMISSED for failure to file a complete *in forma pauperis* application or, in the alternative, pay the full filing fee. The dismissal is without prejudice to Plaintiff filing a motion to reopen the action. Any motion to reopen must be accompanied by either the filing fee or a complete *in forma pauperis* application. If Plaintiff is in the custody of a correctional facility at the time he seeks to reopen this action, a complete *in forma pauperis* application requires (1) the Certificate of Funds in Prisoner's Account form completed and signed by an authorized officer at Plaintiff's correctional facility, and (2) a copy of Plaintiff's prisoner trust account statement showing transactions for the last six months. If, however, Plaintiff is no longer in the custody of a correctional facility at the time he seeks to reopen this action, he may file an application to proceed *in forma pauperis* applicable to non-prisoner cases, which is

United States District Court
Northern District of California

available on the Court's website at https://cand.uscourts.gov/sites/default/files/forms/Application-to-Proceed-In-Forma-Pauperisnon-prisoner.pdf.

Judgment is entered in favor of Defendants and against Plaintiff. The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: October 6, 2026

JON S. TIGAR
United States District Judge